JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

WILLIE GILCHREST,

　　　　　　　　　　　Plaintiff,

- against -

NATIONAL CHEMICAL LABORATORIES,

　　　　　　　　　　　Defendant.
--------------------------------------------------------------X

**NOTICE OF REMOVAL**

Docket No.:

Assigned to:

FILED
JUL 25 2008
USDC WP SDNY

**08 CIV. 6601**

The defendant, **NATIONAL CHEMICAL LABORATORIES**, by its attorneys,

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**, removes this case to Federal District

Court, Southern District of New York, pursuant to 28 U.S.C. § 1441(a).

1.　　**NATIONAL CHEMICAL LABORATORIES** is a defendant in the civil action

filed on June 13, 2008, in the Supreme Court of New York, Bronx County.  Pursuant to

provisions of Section 1441 and 1446 of Title 28 of the United States Code, the defendant

removes this action to the United States District Court for the Southern District of New York,

which is the judicial district in which the action is pending.

2.　　The grounds for removal of this action are:

　　(a)　　On June 13, 2008, the plaintiff filed a complaint against **NATIONAL**

　　　　　　**CHEMICAL LABORATORIES** in the Supreme Court of New York,

　　　　　　Bronx County, Index No. 304979/2008.

　　(b)　　There is complete diversity of citizenship between the plaintiff and

　　　　　　defendant in this action because:

　　　　　　(i)　　The plaintiff is an individual who, at all pertinent times, is and was

　　　　　　　　　a resident of the State of New York, and

     (ii)    Defendant **NATIONAL CHEMICAL LABORATORIES** is a corporation that is incorporated under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

    (c)    More than $75,000, exclusive of interest and costs, is in controversy in this action.

    (d)    This court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. § 1441(a).

3.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because none of the parties in interest properly joined and served as a defendant are a citizen of the State of New York, the State in which this action was brought.

4.    This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because the plaintiff's summons and complaint in this action were served on June 27, 2008. This Notice of Removal is filed within 30 days of receipt of the plaintiff's summons and complaint and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1446(b).

5.    All state-court papers served on **NATIONAL CHEMICAL LABORATORIES**

at the time of removal, consisting of the plaintiff's summons and complaint are attached hereto.


Dated: Elmsford, New York
       July 22, 2008

By:  _____
     James M. Skelly (JMS/4844)

     **MARKS, O'NEILL, O'BRIEN
     & COURTNEY, P.C.**
     Attorneys for Defendant
     **NATIONAL CHEMICAL
     LABORATORIES**
     530 Saw Mill River Road
     Elmsford, New York 10523
     (914) 345-3701
     File No.:  447.82255


**TO:**

**ROSENBAUM & ROSENBAUM, P.C.**
Attorneys for Plaintiff
**WILLIE GILCHREST**
110 Wall Street - 21st Floor
New York, New York 10005

3

Index Number: 304979-2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

WILLIE GILCHREST,

                                    Plaintiff,

              -against-

NATIONAL CHEMICAL LABORATORIES,

                                    Defendants.
-------------------------------------------------------------------X

Index No.:
Date of Purchase:

Plaintiff designates **BRONX**
County as the place of trial.

The basis of the venue is
**Plaintiff's Residence.**    MAIL

**SUMMONS**

Plaintiff resides at
150 West 225th Street
Bronx, New York 10463

To the above named Defendant(s):

    **You are hereby summoned** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the Plaintiff's Attorney(s) within 20 days after the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

Dated: New York, New York
       June 10, 2008

                                    James L. Ferrara, Esq.
                                    **ROSENBAUM & ROSENBAUM, P.C.**
                                    Attorney(s) for Plaintiff(s)
                                    110 Wall Street, 21st Floor
                                    New York, New York 10005
                                    212-514-5007

**Defendant(s):**

To:    **NATIONAL CHEMICAL LABORATORIES**
       **401 North 10th Street**
       **Philadelphia, PA 19123**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X

WILLIE GILCHREST,

                          Plaintiff,

       -against-

NATIONAL CHEMICAL LABORATORIES,

                          Defendant.

------------------------------------------------------------X

**Index. :**

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys Rosenbaum & Rosenbaum, P.C., sets forth the following as and for his Verified Complaint:

1.      At all relevant times, plaintiff is and was a resident of the State of New York, Bronx County.

2.      Upon information and belief and at all relevant times, defendant NATIONAL CHEMICAL LABORATORIES (hereinafter referred to as "NCL"), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.      Upon information and belief and at all relevant times, defendant NCL was and still is a partnership, duly organized and existing under and by virtue of the laws of the State of New York.

4.      Upon information and belief and at all relevant times, defendant NCL was and still is a sole proprietorship, duly organized and existing under and by virtue of the laws of the State of New York.

5.      Upon information and belief and at all relevant times, defendant NCL was and still is a foreign corporation authorized to do business in New York pursuant to the laws of the State of

1

New York.

6.      Upon information and belief and at all relevant times, defendant NCL maintained its principal office in Philadelphia, Pennsylvania.

7.      Upon information and belief and at all relevant times, defendant NCL conducted business in the State of New York.

8.      Upon information and belief and at all relevant times, defendant NCL manufactured products that it knew would be sold in New York or otherwise enter the stream of commerce in New York.

9.      Upon information and belief and at all relevant times, defendant NCL as part of its corporate business and existence, did then and there maintain, own and operate a chemical production laboratory and did hold itself out to the public as furnishing facilities, where chemical products, and cleaning agents in particular, could be manufactured and tested, as well as having mechanics, engineers, technicians and other personnel, qualified and competent to manufacture and test chemical products and cleaning agents in particular.

10.     Upon information and belief and at all relevant times, defendant NCL as part of its corporate business and existence, did manufacture and create a product known as Gum Remover Graffiti Remover #4159.

11.     Upon information and belief and at all relevant times, defendant NCL as part of its corporate business and existence, did market the product known as Gum Remover Graffiti Remover #4159 as a heavy duty cleaner designed for removal of gum, graffiti, grease, oil and grime. .

12.     Upon information and belief and at all relevant times, defendant NCL had a contract with plaintiff's employer, the New York City Transit Authority (hereinafter "NYCTA") to provide

2

goods and services, including chemicals, soaps, gum remover, graffiti remover, cleaners and detergents and specifically the product known as Gum Remover Graffiti Remover #4159 which were used to clean and maintain premises owned and/or maintained by NYCTA.

13.    Upon information and belief and at all relevant times, defendant NCL by its agents, servants, employees, staff, licensees and/or independent contractors did provide goods and services, including chemicals, soaps, gum remover, graffiti remover, cleaners and detergents and specifically the product known as Gum Remover Graffiti Remover #4159 which were used to clean and maintain premises owned and/or maintained by NYCTA.

14.    Beginning in 2006 and continuing through the beginning of 2007, plaintiff utilized the defendant NCL's product known as Gum Remover Graffiti Remover #4159 during the course of his employment and as a result was continually exposed to harmful, dangerous, toxic substances and fumes and was caused to become sick, sore and lame.

## AS TO THE FIRST CAUSE OF ACTION

15.    Upon information and belief, and at all relevant times, defendant NCL, designed, manufactured and assembled the cleaning agent known as Gum Remover Graffiti Remover #4159.

16.    Upon information and belief, and at all relevant times, defendant NCL sold the cleaning agent known as Gum Remover Graffiti Remover #4159 to entities in the State of New York, including plaintiff's employer, NYCTA.

17.    Upon information and belief and at all relevant times, this cleaning agent was negligently designed, manufactured, and sold by the defendant NCL, including the fact that the product did not have a warning about inhalation dangers associated with this product and use thereof.

3

18.    By reason of the foregoing, plaintiff was made sick, sore, lame and disabled and has remained so since the occurrence; has suffered and continues to suffer from injuries, including asthma and respiratory difficulties, has and will be required to undergo medical treatments; has been and will continue to be prevented from attending to plaintiff's usual activities; and, upon information and belief, plaintiff's injuries are permanent in nature.

19.    The aforesaid occurrence and the injuries and damages the plaintiff sustained were caused solely by the negligence and carelessness of the defendant NCL and were not due to any negligence on the part of the plaintiff.

20.    By reason of the foregoing, plaintiff was damaged and seeks judgment against defendant NCL.

### AS AND FOR A SECOND CAUSE OF ACTION

21.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs numbered 1 through 20 with the same force and effect as if herein set forth at length.

22.    Upon information and belief and at all relevant times, the cleaning agent known as Gum Remover Graffiti Remover #4159 was defectively designed and manufactured by defendant NCL in that the product was unreasonably dangerous to members of general public, and especially plaintiff at the time it left the control of the defendant NCL, including the fact that the product did not have a warning about inhalation dangers associated with this product and use thereof.

23.    Upon information and belief and at all relevant times, the cleaning agent known as Gum Remover Graffiti Remover #4159 was in a defective condition when it left the control of the defendant NCL, and was expected to, and did, reach the hands of consumers, and such users as plaintiff without substantial change in the condition in which it was manufactured and sold.

4

24.     Upon information and belief at the time of plaintiff's injuries, beginning in 2006 and continuing into early 2007, the cleaning agent known as Gum Remover Graffiti Remover #4159, was being used in the manner for which it was intended.

25.     Upon information and belief and at all relevant times, defendant NCL failed to warn the general public, specifically plaintiff, of the dangerous condition of the product and its component parts although such dangerous components and conditions were known or should have been know to the defendant NCL, including the fact that the product did not have a warning about inhalation dangers associated with this product and use thereof.

26.     Upon information and belief, defendant NCL is liable to plaintiff because it marketed an unreasonably unsafe product, unsuitable for the purpose for which it was intended, under the doctrine of strict liability in tort.

27.     By reason of the foregoing, plaintiff was damaged and seeks judgment against defendant NCL.

## AS AND FOR A THIRD CAUSE OF ACTION

28.     Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs numbered 1 through 27 with the same force and effect as if herein set forth at length.

29.     By reason of the foregoing, defendant NCL breached both the expressed and implied warranties they extended to plaintiff and his employer NYCTA amongst others, including the warranty of merchantability, in that this product was not of the fair average quality and standard, and the warranty of fitness for a particular purpose. These warranties were made in order to induce plaintiff and his employer NYCTA amongst others to purchase the product of defendant, and plaintiff and his employer NYCTA amongst others relied on the warranties to his detriment.

5

30.    By reason of the foregoing, plaintiff was damaged and seeks judgment against defendant NCL.

## AS AND FOR A FOURTH CAUSE OF ACTION

31.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs numbered 1 through 30 with the same force and effect as if herein set forth at length.

32.    Upon information and belief, the cleaning agent known as Gum Remover Graffiti Remover #4159 and its component parts were designed, manufactured and constructed for the purpose of enabling the product to be used as a cleaning agent, and it was the duty of the defendant NCL to design, construct, assemble, equip, manufacture, test, inspect, and examine the product and its component parts as to render it safe and suitable for the ordinary purposes of its use.

33.    Upon information and belief, defendant NCL was under a duty to test, inspect and examine the aforementioned product and its component parts to render it suitable and safe for the ordinary purposes of its use, including a duty to warn about inhalation dangers associated with this product and use thereof.

34.    Upon information and belief and at all relevant times, plaintiff's use of the product was within the reasonable contemplation of the defendant NCL.

35.    Upon information and belief and at all relevant times, plaintiff was using the product for the uses and purposes for which it was designed, manufactured, constructed, assembled, equipped, tested, inspected, and sold, and in the manner in which it was intended to be used.

36.    Upon information and belief, due to defendant NCL's willful, wanton, careless and negligent acts and omissions, the product contained latent defects of which the defendant knew or should have known and of which the defendant failed to warn, and the defendant further knew or in

6

the exercise of reasonable care and diligence should have known that the defect could not and would not be inspected and discovered by plaintiff after the defendant relinquished possession of the product.

## AS AND FOR A FIFTH CAUSE OF ACTION

37.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs numbered 1 through 36 with the same force and effect as if herein set forth at length.

38.    Upon information and belief, defendant, its respective agents, servants and/or contractors was negligent, careless and reckless in the design, manufacture, control and management of the cleaning agent known as Gum Remover Graffiti Remover #4159 and its component parts, in that defendant failed to warn users of the product about inhalation dangers associated with this product and use thereof; failing to include proper warning labels on the product; in creating a product that was not suitable for its intended use; in creating an unreasonably dangerous product; and in other ways acting in a careless, reckless, dangerous and hazardous manner..

39.    Upon information and belief, plaintiff's damages exceed the monetary jurisdiction of all Courts below that would otherwise have jurisdiction over this action.

40.    This action falls within one or more of the exceptions contained in CPLR §1601 & 1602.

**WHEREFORE**, plaintiff demands judgment against defendant NCL together with the costs and disbursements of this action.

Dated: New York, New York
      June 10, 2008

7

lled On - 06/13/08 9:28:24 AM Bronx County Clerk

James L. Ferrara, Esq.
ROSENBAUM & ROSENBAUM, P.C.
Attorney(s) for Plaintiff(s)
110 Wall Street, 21st Floor
New York, New York 10005
212.514.5007

8

# VERIFICATION

STATE OF NEW YORK      )
                                        ) ss:
COUNTY OF NEW YORK   )


    I, **JAMES L. FERRARA**, the attorney of record for the plaintiff in the within action; I have read the foregoing *SUMMONS and VERIFIED COMPLAINT* and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true. The reason this Verification is made by me and not by plaintiff, is that plaintiff resides outside of the county in which I maintain my law office.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

    *A review of the file maintained by my office, books, records and investigation.*

    I affirm that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
       June 10, 2008


By: James L. Ferrara, Esq.
ROSENBAUM & ROSENBAUM, P.C.
110 Wall Street, 21ˢᵗ Floor
New York, New York  10005
(212) 514-5007

Case 1:08-cv-06601-RJH    Document 1    Filed 07/25/2008    Page 14 of 16

Index No.:                                   Year:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
=================================================================

WILLIE GILCHREST,

                         Plaintiff,

        - against -

NATIONAL CHEMICAL LABORATORIES,

                         Defendants.
_____

### SUMMONS and VERIFIED COMPLAINT

=================================================================


### ROSENBAUM & ROSENBAUM, P.C.
Attorney(s) for **Plaintiff(s)**
Office and Post Office Address, Telephone
**110 Wall Street, 21ˢᵗ Floor**
**New York, New York 10005**
**212-514-5007**
=================================================================

        To (See Affidavit of Service)
        Attorney(s) for
=================================================================

Service of a copy of the within                      is hereby admitted
Dated,                                  .......................................................
                                Attorney(s) for
=================================================================

Sir:--Please take notice
[  ]  **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on          20
[  ]  **NOTICE OF SETTLEMENT**
that an order                       of which the within is a true copy will be presented for
settlement to the HON.                            one of the judges
of the within named court, at
on                    20     at          M.
Dated,                                        Yours, etc.
                                **GEORGE DAVID ROSENBAUM**

Index No.        304979/08          Year          RJI No.          Hon.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

WILLIE GILCHREST,

                              Plaintiff,

    -against-

NATIONAL CHEMICAL LABORATORIES,

                              Defendant.

## NOTICE OF REMOVAL

## MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
Attorneys for Defendant
## NATIONAL CHEMICAL LABORATORIES
Office and Post Office Address, Telephone
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

To

Signature (Rule 130-1.1-a)

Attorney(s) for

Print name beneath

Service of a copy of the within

is hereby admitted.

Dated,

Attorneys for:

Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the  within named court on
☐ NOTICE OF SETTLEMENT
that an order
settlement to the HON.                          of which the within is a true copy will be presented for
of the within named court, at                                          one of the judges
on
                        at          M

Dated,

Yours, etc.

## MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
Office and Post Office Address
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701