UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIE GILCHREST,

       Plaintiff,

 - against -

NATIONAL CHEMICAL LABORATORIES,

       Defendant.
------------------------------------------------------------------X

**LOCAL RULE 81.1(B) FILING**

Docket No.:

Assigned to:

  1. The defendant, **NATIONAL CHEMICAL LABORATORIES**, by its attorneys, **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**, pursuant to Rule 81.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York attach hereto copies of all records and proceedings in the New York Supreme Court, Bronx County.

Dated: Elmsford, New York
   July 24, 2008

          By: _/s/ Kevin William Connolly_
            Kevin William Connolly (KWC/4450)

          **MARKS, O'NEILL, O'BRIEN**
          **& COURTNEY, P.C.**
          Attorneys for Defendant
          **NATIONAL CHEMICAL**
          **LABORATORIES**
          530 Saw Mill River Road
          Elmsford, New York 10523
          (914) 345-3701
          File No.: 447.82255

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------ X
WILLIE GILCHREST,

                        Plaintiff,

    -against-

NATIONAL CHEMICAL LABORATORIES,

                        Defendants.
------------------------------------------------------------------ X

**VERIFIED ANSWER**

Index No.: 304979/08

       The defendant, **NATIONAL CHEMICAL LABORATORIES**, by its attorneys, **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**, answering the Verified Complaint of plaintiffs herein, respectfully allege upon information and belief:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

                "1", "5", "6", "7", "8", "9", "10", "11", "12" and "13".

       2.    Denies each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

                "2", "3", "4" and "14".

## AS AND FOR DEFENDANT'S
## ANSWER TO FIRST CAUSE OF ACTION

       3.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

                "15" and "16".

       4.    Denies each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

                "17", "18", "19" and "20".

{NY040374.1}

### AS AND FOR DEFENDANT'S
### ANSWER TO SECOND CAUSE OF ACTION

5.      In response to paragraph "21" of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to paragraph "1" through "20" of the Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

6.      Denies each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

"22", "23", "24", "25" "26" and "27".

### AS AND FOR DEFENDANT'S
### ANSWER TO THIRD CAUSE OF ACTION

7.      In response to paragraph "28" of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to paragraph "1" through "27" of the Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

8.      Denies each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

"29" and "30".

### AS AND FOR DEFENDANT'S
### ANSWER TO FOURTH CAUSE OF ACTION

9.      In response to paragraph "31" of third-party plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to paragraph "1" through "30" of the Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

10. Denies each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

"32", "33", "34", "35" and "36".

### AS AND FOR DEFENDANT'S ANSWER TO FIFTH CAUSE OF ACTION

11. In response to paragraph "37" of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to paragraph "1" through "36" of the Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

12. Denies each and every allegation contained in the paragraph of the Verified Complaint designated as follows:

"38", "39" and "40".

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

13. That any damages, injury and/or injuries sustained by plaintiff was caused in whole or part by the culpable conduct and fault attributable to the plaintiff, including, but not limited to, contributory negligence and/or want of care, and/or the plaintiff assumption of the risk, and the amount recovered, if any, should be diminished pursuant to CPLR 1412 by the proportion which the culpable conduct attributed to the plaintiff bear to the culpable conduct which caused the damages, if any.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

14. The Verified Complaint fails to state a cause of action upon which relief can be founded.

{NY040374.1}

3

### AS AND FOR A THIRD SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

15. The present action is time barred by operation of the Statute of Limitations applicable to this action.

### AS AND FOR A FOURTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

16. If plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Verified Complaint it was due to the culpable conduct of person or persons presently unknown.

### AS AND FOR A FIFTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

17. This Court has no jurisdiction over the person of the defendant and such defect has not been waived by defendant and is preserved.

### AS AND FOR A SIXTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

18. The Worker's Compensation Law Sec. 10 and 11 provides the exclusive remedy herein and the action at law is statutorily barred.

### AS AND FOR A SEVENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

19. Upon information and belief, the accident alleged and the injuries claimed to be sustained by plaintiff was the result of the misuse of the product.

### AS AND FOR A EIGHTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

20. Upon information and belief, the accident alleged and the injuries claimed to be sustained by plaintiff was the result of the modification of the product.

### AS AND FOR A NINTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

21. The liability of this answering defendant is limited by law under the terms of Article Sixteen of the CPLR.

### AS AND FOR A TENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

22. That any and all risks, hazards and dangers were open, obvious and apparent, natural and inherent and known or should have been know by the plaintiff herein and that plaintiff(s) assumed all such risks, hazards and defects.

### AS AND FOR A ELEVENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

23. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

### AS AND FOR A TWELFTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

24. That any award recovered by plaintiff must be reduced by the receipt of collateral source payments.

### AS AND FOR A THIRTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

25. That plaintiff failed to mitigate damages.

**WHEREFORE,** Defendant, **NATIONAL CHEMICAL LABORATORIES**, demands judgment against the plaintiff, as follows:

(a) dismissing Plaintiff's Verified Complaint, together with the costs and disbursements of this action;

    (b)    in the alternative, and in the event that plaintiff prevails, defendant, **NATIONAL CHEMICAL LABORATORIES**, demands judgment determining the respective percentages of fault on the part of the plaintiff, **WILLIE GILCHREST**, thereby reducing the amount of damages as against the answering defendant, **NATIONAL CHEMICAL LABORATORIES**, by the respective percentage of fault of the plaintiff.

Dated: Elmsford, New York
       July 17, 2008

By: _____
    JOHN J. HOPWOOD

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.
Attorneys for Defendant
**NATIONAL CHEMICAL LABORATORIES**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 447.82255

TO:

**ROSENBAUM & ROSENBAUM, P.C.**
Attorney for Plaintiff
110 Wall Street, 21st Floor
New York, New York 10005
(212) 514-5007

## ATTORNEY VERIFICATION

The undersigned, under the penalties of perjury, affirms:

That he is **JOHN J. HOPWOOD,** an associate of the firm of **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.,** that he has read the foregoing papers and the same are true to his knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, he believes them to be true; that the grounds and sources of such belief are matters contained in this firm's file, as well as conferences had between this affirmant and representatives of the defendant; and that the reason this affirmation is not made by the party is that said party is not in the county where affirmant has his office.

Dated: Elmsford, New York
       July 17, 2008

                                                          _____
                                                                          JOHN J. HOPWOOD

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             : ss.:
COUNTY OF WESTCHESTER        )

     Regina A. Tisellano, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Mount Kisco, New York.

     On the 17th day of July, 2008, deponent served the within **VERIFIED ANSWER,** upon the parties herein stated below, by depositing and mailing same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, at the following addresses:

TO:

**ROSENBAUM & ROSENBAUM, P.C.**
Attorney for Plaintiff
110 Wall Street, 21st Floor
New York, New York 10005
(212) 514-5007

_Regina A. Tisellano_
Regina A. Tisellano

Sworn to before me on the
17th day of July, 2008.

_____
NOTARY PUBLIC

Martha Agis
Notary Public, State of New York
No. 01AG6039317
Qualified in Rockland County
Commission Expires Mar. 27, 2010

{NY040374.1}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- X
WILLIE GILCHREST,

      Plaintiff,

 -against-

NATIONAL CHEMICAL LABORATORIES,

      Defendants.
-------------------------------------------------------------------- X

**DEMAND FOR EXAMINATION BEFORE TRIAL**

Index No.: 304979/08

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the deposition of the plaintiff and all adverse parties will be taken before a notary public at the offices of **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**, 530 Saw Mill River Road, Elmsford, New York 10523 on the **28th day of August, 2008** at 10:00 o'clock in the forenoon of that day.

That for the purposes authorized, the said deponent is required to produce at such examinations the following items pertaining to the accident, which is alleged to in the complaint of the plaintiff.

1.  All medical bills and any receipts, canceled checks or estimates relating to special damages.

2.  If lost earnings are claimed, Federal and State Income Tax Returns covering the year when loss claimed and two years prior thereto and one year after loss claimed.

3.  Any contracts, leases or documents relied upon with respect to the claim.

4.  Any statement given by or on behalf of any defendant serving this notice.

5. Any and all exhibits, papers and/or documents relative to claim, including photographs and diagrams.

By: /s/ _____
JOHN J. HOPWOOD

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.
Attorneys for Defendant
**NATIONAL CHEMICAL LABORATORIES**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 447.82255

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             : ss.:
COUNTY OF WESTCHESTER   )

Regina A. Tisellano, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Mount Kisco, New York.

On the 22nd day of July, 2008, deponent served the within **DEMAND FOR EXAMINATION BEFORE TRIAL,** upon the parties herein stated below, by depositing and mailing same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, at the following addresses:

TO:

**ROSENBAUM & ROSENBAUM, P.C.**
Attorney for Plaintiff
110 Wall Street, 21st Floor
New York, New York 10005
(212) 514-5007

_____
Regina A. Tisellano

Sworn to before me on the
22nd day of July, 2008.

_____
NOTARY PUBLIC

Martha Agis
Notary Public, State of New York
No. 01AG6039317
Qualified in Rockland County
Commission Expires Mar. 27, 20 10